**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

PAUL ABBOTT, et al.                        *

      Plaintiffs                        *

      v.                        *        **Case No.: 8:09-cv-00372-DKC**

CHERYL R. GORDON, et al.                        *

      Defendants                        *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendants Cheryl R. Gordon and John M. Zupancic ("Defendants"), by their counsel, John B. Raftery and Offit Kurman, P.A., pursuant to Fed. R. Civ. P. 26(c), file this Memorandum of Law in support of their Motion for Protective Order precluding the deposition of Nathan Finkelstein, and state:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case involves Plaintiffs' claim for tortious interference with prospective advantage. Essentially, Plaintiffs claim that the Defendants interfered with an alleged business relationship Plaintiffs allegedly had with Catherine Bartos ("Bartos"), who contracted to sell property in Scotland, Maryland to Plaintiffs.

The background to this case is that on April 24, 2004,[1] Plaintiffs entered a contract (hereinafter, the "Primary Contract"), and an Addendum thereto with Catherine Bartos ("Bartos") to purchase her land in Scotland, Maryland, for $75,000.  The Defendants and Mrs. Bartos entered a contingency contract in October, 2004 (the "Backup Contract"), for the sale of

---

[1] There were prior offers, and a prior contract between Bartos and Plaintiffs that was superseded after the house on the property was flooded and condemned.

the same property to Defendants in the event there was no settlement on the Primary Contract. The Backup Contract included a February 2005 Addendum.

Defendants hired attorney Nathan Finkelstein, Esquire, ("Finkelstein") to prepare the Backup Contract and its Addendum. Mr. Finkelstein completed the contracts by early 2005. In August, 2009, this Court granted Defendants' Motion to Dismiss in part, and dismissed two (defamation and interference with contract) of Plaintiffs' three claims as barred by the statute of limitations. *See Abbott v. Gordon*, 2009 W 2426052 at *7 (D. Md. Aug. 6, 2009). The Court permitted alleged events arising after **February 17, 2006** to serve as the basis for Plaintiff's sole remaining claim, tortious interference with prospective advantage. Naturally, because the work on the Backup Contract and Addendum was complete by February, 2005, the potentially relevant information that Mr. Finkelstein may hold *precedes* the cutoff established by this Court's August 6, 2009 Order. Furthermore, the information that Mr. Finkelstein possesses would be protected by the attorney-client privilege.

On March 29, 2010, Plaintiffs issued a Notice of Deposition and subpoena for the deposition of Nathan Finkelstein, Esq. **Exhibit A.** As discussed below, the Court should issue a protective order precluding Mr. Finkelstein's deposition because the inquiry sought would either be privileged, or, if not privileged, pertains to a conversation that occurred in December 2004, which is outside of the period relevant to this case, as established by the Court's August 6, 2009 Order.

## II.     THE COURT SHOULD ISSUE A PROTECTIVE ORDER FORBIDDING THE REQUESTED DISCOVERY

Federal Rule of Civil Procedure 26(c) allows a party to seek a protective order against annoyance, embarrassment, oppression, or undue burden or unnecessary expense, and states in part:

**(c) Protective Orders.**

**(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken…..The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;

**(B)** specifying terms, including time and place, for the disclosure or discovery;

**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c).

The Court should issue a protective order and preclude the deposition of Mr. Finkelstein. First, communications between Mr. Finkelstein and Defendants are privileged insofar as they were: (1) for purposes of seeking or rendering legal advice, and (2) exchanged with the expectation of confidentiality. *Koch v. Specialized Care Services, Inc.,* 437 F. Supp. 2d 362, 368 ((D. Md. 2005); *see* Md. Cts. & Jud. Proc. Art. 9-108. Only Defendants' communications with Mr. Finkelstein where he rendered legal advice confidentiality to Plaintiffs would be privileged. Therefore, if the Court permits the deposition to proceed at all, the Court should require

Plaintiffs to specify what areas of inquiry they seek, and should preclude Plaintiffs from making any inquiry into privileged matters.

Undersigned counsel sought to file this motion in time for todays' telephone conference with the Court.   Undersigned contacted Plaintiffs' counsel in good faith and inquired by Plaintiff's sought Mr. Finkelstein's deposition.   Plaintiffs' counsel advised that the deposition was sought with respect to Mr. Finkelstein's May 18, 2006 letter to Defendants.   *See* **Exhibit B** (May 18, 2006 Letter).   In that letter, Mr. Finkelstein recounts to the Defendants the substance of a December 29, 2004 conversation with Plaintiff Barker, and, in it, Mr. Finkelstein confirms that he did not threaten Barker.

This morning, Counsel for Plaintiff claimed that the production of Mr. Finkelstein's May 18, 2006 letter to Plaintiffs (*via* discovery responses in this case) was a waiver of privilege, thus facilitating inquiry by deposition.   This theory is incorrect because: (1) Mr. Finkelstein's letter does not contain legal advice in the letter and is not privileged, which means that its production is not a waiver of the attorney-client privilege; (2) even if the letter contains actually privileged information, its production was inadvertent (because on its face, there appears to be no privileged information), and would not constitute a waiver of privilege; and, (3) even if there was a waiver, (which there is not) the waiver would not constitute a "blanket waiver" allowing wide-ranging inquiry into the Defendants' relationship with Finkelstein at deposition because a blanket waiver only occurs through testimony rendered purposefully by a client revealing privileged communications– that does not exist here.   *See von Bulow v. von Bulow*, 828 F.2d 94, 102-03 (2nd Cir. 1987) (no blanket waiver exists where waiver is made outside of judicial context).

There is a second, more fundamental reason to preclude the deposition of Mr. Finkelstein. Assuming that the deposition sought pertains to the subject matter of the May 18, 2006 letter,

that letter recounts the substance of a **December 29, 2004** conversation between Mr. Finkelstein and Barker.   **Exhibit F.**   Information about events of 2004 would not relevant to this case because the Court's Order established February 17, 2006 as the cut-off for events that are allegedly actionable in this case.   Therefore, discussions from December 2004 cannot be relevant here, and conducting a deposition to inquire about such information would be a needless expense.

## IV.    CONCLUSION

For the reasons stated herein, Defendants request the court issue an order protecting them and denying Plaintiff's requested deposition of Nathan Finkelstein, Esq.

Respectfully submitted,

Offit Kurman, P.A.

_____/s/  John B. Raftery_____
John B. Raftery, Bar No. 5933
4800 Montgomery Lane, 9th floor
Bethesda, Maryland 20814
(240)507-1700
(240) 507-1735
jraftery@offitkurman.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2010, I served the Defendants' Motion for Protective Order, Supporting Memorandum, and Proposed Order upon Jan I. Berlage, Esquire Gohn, Hankey & Stitchel, LLP,  201 N. Charles Street, Suite 2101, Baltimore, Maryland, 21201

_____/s/  John B. Raftery_____
John B. Raftery