IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL ABBOTT, et al.  :

    v. : Civil Action No. DKC 09-0372

CHERYL R. GORDON, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are the motion to withdraw filed by Jan I. Berlage, H. Mark Stichel, and Gohn, Hankey & Stichel, LLP, counsel of record for Plaintiffs Paul Abbott and Elaine Barker ("Counsel") (Paper 52), and Counsel's motion for leave to file their reply to Plaintiffs' opposition to the motion to withdraw *ex parte* and under seal, (Paper 55). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motions will be granted.

**I. Background**

Jan I. Berlage, H. Mark Stichel, and Gohn, Hankey & Stichel, LLP, are counsel of record for Plaintiffs Paul Abbott and Elaine Barker. (Paper 52, at 1). Mr. Berlage and Gohn, Hankey & Stichel, LLP, entered their appearance for Plaintiffs on August 28, 2009, and Mr. Stichel entered his appearance on September 21, 2009. (*Id.* at ¶¶ 1-2). Counsel entered into an

engagement letter with Plaintiffs prior to entering their appearance, which required timely payment of fees and included a provision wherein Plaintiffs agreed to consent to the withdrawal of Counsel if Plaintiffs did not pay their fees in a timely manner. (*Id.* at ¶¶ 3-5). Although Counsel and Plaintiffs do not agree on the exact amount of the outstanding fees at this time, Plaintiffs do not dispute that they have outstanding bills due to Counsel. Plaintiffs do contest the reasonableness of the fees assessed, however, and maintain that Counsel failed to follow their instructions. (Paper 53).

On August 12, 2010, Counsel sent Plaintiffs a letter *via* email and first-class mail giving notice of their intention to withdraw after seven days. (Paper 52 ¶ 8).

On August 25, 2010 Counsel filed an amended motion to withdraw appearance. (Paper 52).[1] Plaintiffs filed their *pro se* objection to the motion to withdraw on September 9, 2010. (Paper 53). On September 23, 2010, Counsel filed a reply to Plaintiff's objection and a motion to file its reply *ex parte* and under seal. (Papers 54 and 55).

---

[1] Counsel's initial motion to withdraw appearance failed to comply with Local Rule 101.2(a).

**II. Motion To Withdraw**

    **A.    Standard of Review**

Local Rule 101(2)(a) provides:

> In the case of an individual, appearance of counsel may be withdrawn only with leave of Court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel.

The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)(citing *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994) and *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Pursuant to Local Rules 703 and 704, lawyers practicing in this court are subject to the Maryland Lawyer's Rules of Professional Conduct 1.16 (substantially the same as the ABA Model Rules of Professional Conduct), which provide a benchmark for when withdrawal may be permitted. Maryland Rule 16-812, MRPC 1.16 subsection (a) addresses mandatory withdrawal, and subsection (b) addresses permissive withdrawal. Subsection (b) states:

> Except as stated in paragraph (c) a lawyer may withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon action or inaction that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Md Rule 16-812, MRPC 1.16(b). Subsection (c) states. "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." MRPC 1.16(c).

**B. Analysis**

Counsel argue that their withdrawal is warranted because Plaintiffs have failed to pay for the services rendered and have made it clear they do not intend to pay in the future. (Paper 54, at 8). In addition, Counsel argue that they no longer feel comfortable representing Plaintiffs because of their accusations of Counsel's misconduct in filings and correspondence related to this motion. (*Id.*). Plaintiffs counter that Counsel have not provided an adequate explanation for what they consider to be unreasonable fees, have ignored instructions, and have refused to return files belonging to Plaintiffs. (Paper 53, at 1-3). Plaintiffs oppose the withdrawal and ask that the court order Counsel to meet with Plaintiffs to mediate the fee dispute and turn over all files to Plaintiffs. (*Id.* at 4).

MRPC 1.16(b) allows for attorney withdrawal where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," MRPC 1.16(b)(5), and where "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." MRPC 1.16(b)(6).

Courts routinely permit attorney withdrawal where clients fail to pay fees in accordance with the terms of engagement. *See, e.g., Hammond v. T.J. Little & Co.,* 809 F.Supp. 156, 163 (D.Mass. 1992)(allowing withdrawal where client failed to pay fees and did not cooperate with counsel); *Fed. Home Loan Mortg. Corp. v. 41-50 78th St. Corp.*, No. 92-CV-5692, 1997 WL 177862, at *4 (E.D.N.Y. April 4, 1997); *R. Maganlal & Co. v. M.G. Chem. Co.*, No. 88 CIV. 4896MJLTHK, 1996 WL 420234, at *3 (S.D.N.Y. July 25, 1996); *Portsmouth Redevelopment v. BMI Apts. Assoc.*, 851 F.Supp. 775, 783 (E.D.Va. 1994); *cf Rophaiel v. Alken Murray Corp.*, No. 94 Civ. 9064, 1996 WL 306457 (S.D.N.Y. June 7, 1996)(finding client's failure to pay counsel's fees insufficient to permit withdrawal where counsel failed to explain the amount of outstanding fees and failed to demonstrate that the clients were truly unable or unwilling to pay).

Where a client's failure to pay fees is accompanied by other manifestations of deterioration in the attorney-client relationship, the justification for withdrawal increases. In *R. Maganlal & Co. v. M.G. Chem. Co.*, 1996 WL 420234, at *3, for example, in addition to the client's failure to pay $28,000 in fees and disbursements, counsel asserted that the client was no longer cooperative and failed to return phone calls or provide

necessary documentation. Accordingly, withdrawal was permitted. *Id.*

In all cases, the court must still consider the potential prejudice to all parties involved and the potential disruption to the administration of justice from attorney withdrawal. If there is an impending trial or other key proceeding, failure to pay fees may not justify withdrawal. *See, e.g., Portsmouth Redevelopment*, 851 F.Supp. at 783 (granting motion to withdraw where clients failed to pay substantial legal fees and trial was not imminent).

Here the circumstances favor allowing counsel to withdraw. Plaintiffs have failed to pay tens of thousands of dollars in fees billed by Counsel. They have also accused Counsel of retaining client files and ignoring client instructions. Without engaging in a thorough analysis of the merits of Plaintiffs' accusations, it is clear that the attorney-client relationship has broken down. Moreover, per the terms of the parties' engagement letter, Plaintiffs were on notice and had agreed that failure to pay fees due to Counsel could prompt Counsel to withdraw their representation. In addition, Counsel filed an opposition to Defendants' motion for summary judgment on behalf of Plaintiffs in June 2010, and there are no impending deadlines in the case. Accordingly, it will not be unreasonably

7

prejudicial to the either party if Counsel are permitted to withdraw.  Therefore, Counsel's motion will be granted.

**III. Motion to Seal**

Counsel also filed a motion for leave to file their reply to Plaintiffs' opposition to the motion to withdraw appearance *ex parte* and under seal.  A motion to seal must comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections.  The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties.  Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court.  If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

Here Counsel argue that their reply should be considered *ex parte* and under seal because it contains information not relevant to the underlying merits of the case, but that "if known to Defendants might provide them with an unfair advantage in this litigation." (Paper 55 ¶ 9).  Plaintiffs themselves were served with a copy of the papers and have not objected to the sealing request. Counsel also argue that there is a

8

potential that the dispute between Counsel and Plaintiffs will bleed into areas of attorney-client privilege. (*Id.*).

Counsel have sufficiently justified their request to file the reply *ex parte* and under seal. Accordingly, the motion will be granted.

## IV. Conclusion

For the foregoing reasons, Counsel's motion to withdraw and motion for leave to file a reply *ex parte* and under seal will be granted. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
